IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JACOB<br>    **Plaintiff,**<br>  v.<br>ERIC ARMEL, et al.,<br>    **Defendants.** | CIVIL ACTION NO. 21-2329 |

## ORDER

**AND NOW,** this 12th day of September 2024, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge David R. Strawbridge, to which no objections have been filed, it is hereby **ORDERED** that

1. The R&R [Doc. No. 7] is **APPROVED** and **ADOPTED**.[1]

---

[1] Petitioner John Jacob was convicted of first-degree murder during a home invasion in which he participated when he was 17 years old. He was originally sentenced to life without the possibility of parole. After the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012) (holding it a violation of the Eighth Amendment to sentence a juvenile to life without the possibility of parole), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) (holding that *Miller* must be applied retroactively), he was re-sentenced to a minimum term of 30 years and a maximum term of life imprisonment, with eligibility for parole consideration once he serves the minimum term.

Mr. Jacob filed a counseled petition under 28 U.S.C. § 2254 challenging his new sentence on the sole ground that his Eighth Amendment rights were violated by the imposition of what the state court viewed as a mandatory *maximum* sentence of life imprisonment. Magistrate Judge Strawbridge issued an R&R, recommending that the petition be denied without a hearing because the state court's determination that *Miller* did not insulate juveniles from maximum sentences of life imprisonment was not an unreasonable application of *Miller*. *See* R&R [Doc. No. 7] at 1-2.

Because Mr. Jacob's claim was presented to and adjudicated on the merits in Pennsylvania state court, the Court may not grant habeas relief unless the state court's decision either 1) was contrary to or an unreasonable application of clearly established federal law, or 2) based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The parties do not suggest that the state court decision involved an unreasonable determination of the facts. Thus, 28 U.S.C. § 2254(d)(2) does not factor into the analysis.

2. The Petition will be dismissed by separate Order.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

The Pennsylvania Superior Court's decision regarding Mr. Jacob's appeal was not contrary to *Miller*. In denying his appeal, the Superior Court explained that it was constrained by the Pennsylvania Supreme Court's holding that a juvenile convicted for first-degree murder prior to *Miller* would be subject to a mandatory maximum sentence of life imprisonment, accompanied by a minimum sentence determined by the sentencing court. *Commonwealth v. Jacob*, No. 432 EDA 2019, 2020 WL 974410 at *2 (Pa. Super. Ct. Feb. 28, 2020) (citing *Commonwealth v. Batts*, 66 A.3d 286, 297 (Pa. 2013)). This decision is not contrary to *Miller* and the parties do not suggest that it is.

Nor did the Superior Court unreasonably apply *Miller* here. *Miller* held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. It did not preclude a mandatory maximum of life where parole would be a possibility upon completion of the minimum sentence imposed by the sentencing judge. Mr. Jacob has been re-sentenced and will have an opportunity for parole after he serves the 30 years of his minimum sentence. This is not a *de facto* life sentence, or an unreasonable applicable of the *Miller* decision.